FILED

MAR 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C.L., by and through his guardians ad litem Kevin and Danielle Leibel, | No. 19-15234 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-01743-DWL |
| v. | |
| DAVID GROSSMAN, Officer, individually and in his official capacity, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CITY OF BUCKEYE; CHARLES ARLAK, Lieutenant, individually and in his official capacity; LARRY HALL, Chief, individually and in his official capacity; DOES, named as Doe BPD Officers 1 - 10, individually and in their official capacities, | |
| Defendants. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 2, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Defendant-Appellant David Grossman, a police officer for the City of Buckeye, Arizona, appeals the district court's denial of a motion to dismiss based on qualified immunity. We affirm.

We review the denial of a motion to dismiss for qualified immunity de novo. *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See id.* at 1238. To determine whether Grossman is entitled to qualified immunity, we consider whether (1) his alleged conduct violated the Fourth Amendment, and (2) if it was "clearly established that the Fourth Amendment prohibited [his] conduct in the 'situation [he] confronted.'" *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015) (per curiam) (citation omitted). The allegations satisfy these elements here.

1. The Fourth Amendment's prohibition against unreasonable seizures extends to investigatory stops without reasonable suspicion and detentions without probable cause. *See, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 9 (1968). Reasonable

suspicion requires a "particularized and objective basis," *United States v. Arvizu*, 534 U.S. 266, 273 (2002), to suspect a person of criminal activity based on "specific and articulable facts" available to the officer, *Terry*, 392 U.S. at 21. C.L.'s allegations support his claim under Count 1 that he was stopped without reasonable suspicion and detained without probable cause.

According to the allegations of the complaint, Grossman suspected C.L. of using an illegal inhalant when, driving by a public park, he saw C.L. sitting by himself and making repetitive movements with his hands. C.L. responded to Grossman's questions and showed that he was holding only a piece of string. At that point, Grossman's investigation had run its course and there was no basis to support continuation of the stop. *See Sialoi v. City of San Diego*, 823 F.3d 1223, 1232-33 (9th Cir. 2016) (denying qualified immunity to officers who "violated the Fourth Amendment by continuing the seizure beyond the point at which they determined that [a suspect] had not in fact had a weapon in his hand," as "any suspicion . . . dissipated" when the officers learned that the object they believed was a gun was merely a toy).

Whether an arrest took place depends on the totality of the circumstances, considering, among other things, "whether 'a reasonable innocent person in these circumstances would . . . have felt free to leave after brief questioning.'" *United*

3

*States v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014) (citation omitted). It is alleged that when C.L. "turned to leave," Grossman prevented him from doing so and "pinned" him down until backup arrived. Under those circumstances, a reasonable person would not have felt free to leave.

In analyzing qualified immunity, "the question with respect to whether an unlawful arrest violated clearly established law is 'whether it is *reasonably arguable* that there was probable cause for arrest[.]'" *Sialoi*, 823 F.3d at 1233 (citation omitted) (emphasis in original). The complaint did not allege facts that would make it "reasonably arguable" that probable cause existed. After seeing that C.L. was holding only a string and certainly after learning from C.L.'s caregiver that he was autistic, "no officer of 'reasonable caution' would have had any reason to believe" that C.L. was using an illegal inhalant or otherwise engaging in criminal activity. *Id.*; *see also Liberal v. Estrada*, 632 F.3d 1064 (9th Cir. 2011) (denying qualified immunity because the officer's mistake of fact was unreasonable). Qualified immunity was properly denied.

2.      Grossman is also not entitled to qualified immunity from C.L.'s excessive force claim. The Fourth Amendment requires police officers to use an "objectively reasonable" degree of force when executing an arrest or detention. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010). To assess reasonableness, we

4

look to the totality of the circumstances, including: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  None of these factors favor Grossman.  To the contrary, the allegations of the complaint indicate that C.L. was suspected of committing a relatively minor crime, did not pose a threat to anyone's safety, and was not actively resisting or attempting to flee from arrest.

Grossman argues that the law in this circuit allows an officer to use "minimal" force to "take [a] suspect to the ground and maintain control until back-up officers arrive, where the suspect continues or escalates resistance."  The facts as alleged here, however, do not suggest that C.L. did continue or escalate resistance.  The cases cited by Grossman are not analogous.

Case law in this circuit gave fair notice that taking and holding C.L. to the ground was unreasonable under the circumstances.  *See Liberal*, 632 F.3d at 1078-79 (denying qualified immunity from excessive force claims where officers shoved and handcuffed the plaintiff in the absence of reasonable suspicion or probable cause, and there was no evidence to suggest that the plaintiff was armed, dangerous, or fleeing).  Especially after C.L.'s caregiver arrived on the scene and explained that C.L. was autistic, this was an "obvious case" in which any

5

reasonable officer would have understood that continued use of force would violate the Fourth Amendment. *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004); *see Graham*, 490 U.S. at 396.

The district court properly denied qualified immunity.

**AFFIRMED**.